[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 97-1829

RANDOLPH E. GREEN, ET AL.,

Plaintiffs, Appellants,

v.

CITY OF BOSTON, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge] 



Before

Torruella, Chief Judge, 
Stahl and Lynch, Circuit Judges. 



Randolph E. Green on brief pro se. 
Merita A. Hopkins, Corporation Counsel, and Gerald Fabiano, 
Assistant Corporation Counsel, City of Boston Law Department, on brief
for appellees.



December 19, 1997


Per Curiam. Plaintiffs appeal from a district court 

judgment dismissing their civil rights complaint for failure

to state a claim. Their principal contention on appeal is

that the district court erred in setting aside a notice of

default, which had been entered when defendants failed to

file a timely response to the amended complaint. The setting

aside of an entry of default is subject to a "good cause"

standard, Fed. R. Civ. P. 55(c), is reviewable on appeal only

for abuse of discretion, and is not to be disturbed "unless

the district court's decision is clearly wrong," McKinnon v. 

Kwong Wah Restaurant, 83 F.3d 498, 502 (1st Cir. 1996). The 

court's action here cannot possibly be so characterized. 

The "good cause" standard is a "mutable" one, Coon v. 

Grenier, 867 F.2d 73, 76 (1st Cir. 1989), involving a case- 

specific determination not amenable to any "mechanical

formula," General Contracting & Trading Co. v. Interpole, 

Inc., 899 F.2d 109, 112 (1st Cir. 1990). We have nonetheless 

identified some general guidelines to assist in its

application. See, e.g., McKinnon, 83 F.3d at 503; Interpole, 

899 F.2d at 112; Coon, 867 F.2d at 76. These criteria 

overwhelmingly predominate in defendants' favor. For

example, there has been no suggestion but that simple

inadvertence was involved here. Plaintiffs have not been

prejudiced in any relevant sense. See, e.g., FDIC v. 

Francisco Inv. Corp., 873 F.2d 474, 479 (1st Cir. 1989). The 

-2-

defenses mounted by defendants have proven to be not only

potentially but actually meritorious. And defendants acted

promptly upon learning of their oversight. Given these

circumstances, the district court acted well within its

discretion in setting aside the entry of default.

Plaintiffs' remaining contention is that the court

discriminated against them in failing to address two of their

offerings: their motion to "vacate" defendants' motion to

dismiss, and their motion for "order of judgment." To the

contrary, the court necessarily if implicitly denied those

requests in the course of granting the motion to dismiss.

As plaintiffs have advanced no specific challenge to the

holding that their amended complaint failed to state a claim,

it suffices to note that we find the district court's

reasoning in this regard unexceptionable.

Affirmed.  

-3-